LAWRENCE, Respondent, v. DOBYNS et al., Appellants.

1. A. executed a negotiable note in favor of B. The note was endorsed by B. in blank. This endorsement was made by C. as agent of B., and under or following the name of B. was the following: "Without recourse, C." D., the person to whom the note was thus endorsed, transferred the same for value to E. *Held*, inasmuch as B.'s endorsement seemed to be unqualified and such as to attach to him a general liability, that it was immaterial what understanding may have existed between C. and D.; it could consti-

tute no defence to B. as against E., a subsequent *bona fide* holder without notice of such agreement.

2. Where a note is made payable at a particular place, presentment at that place is sufficient in order to charge an endorser; the holder is not bound to present it elsewhere or personally to the maker.

*Appeal from St. Louis Law Commissioner's Court.*

The facts sufficiently appear in the opinion of the court.

*Gillespie*, for appellant.

*Wise*, for respondent.

EWING, Judge, delivered the opinion of the court.

This was an action before a justice of the peace on a negotiable note for one hundred dollars, made by Page & Bacon, payable to the order of Dobyns, at their office, and subsequently transferred to Lawrence, the plaintiff. There was a judgment for the plaintiff before the justice, from which there was an appeal to the law commissioner's court, where, upon a trial by a jury, plaintiff again obtained a verdict and judgment, and Dobyns brings the cause to this court by appeal. The note was duly protested, and the notary states that he demanded payment of Daniel D. Page, one of the partners of Page, Bacon & Co., at their office, and on the day of its maturity gave notice to Dobyns, the endorser. The note was endorsed by Dobyns in blank, and under or following his name are the words "without recourse, S. J. Levi." Levi appears to have been the agent of Dobyns and to have negotiated the note with one Murphy, and Murphy subsequently sold and transferred it without endorsement to the plaintiff for seventy-five dollars.

The defendant offered to prove by Levi the consideration of the note, and the circumstances attending its sale and transfer by him (Levi) to Murphy, which evidence, on the objection of the plaintiff, was excluded. Murphy, and another witness, who was present, testified, without objection, as to the circumstances connected with the transfer of the note

to the plaintiff. If the object of the evidence (as seems to have been the case) was to prove that Murphy was to take the note without recourse against Dobyns, and that the purpose of his (Dobyn's) endorsement was only to pass his title to it without incurring any liability as endorser, it was rightly rejected; for, although such may have been the understanding between Murphy and Levi, and the authority of the latter as the agent of Dobyns may have been restricted to this kind of a negotiation of the note, yet the endorsement of Dobyns appears to be unqualified and such as to attach to him a general liability; and even if evidence of such an understanding or agreement would have been competent, it could be no protection to Dobyns against a subsequent *bona fide* endorsee without notice of such agreement.

One of the instructions, asked by the defendant and refused, assumes that unless it was proved that the firm of Page & Bacon was composed of all the defendants except Dobyns, a demand of payment on Page alone is not sufficient to make Dobyns liable, but there should have been a demand upon all the members of the firm. The note was made payable at the office of Page & Bacon, and it is well settled that where a promissory note is made payable at a particular place, it will be sufficient for the holder, in order to charge the endorser, to present the same for payment at the specified place; and he is under no obligation, in case of its dishonor at that place, to present it for payment elsewhere, or *personally* to the maker. (Story on Prom. Notes, § 234.) The maker, by making it payable at that particular place, impliedly dispenses with the necessity of making any demand upon him either personally or elsewhere, and this doctrine applies as well to the case of the endorsers, as of the maker, of the note; for the endorsers equally with the maker, in such case, impliedly agree that presentment at the place shall be sufficient to bind all the parties. (Ib.)

The judgment is affirmed; Judge Scott concurring. Judge Napton absent.